IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Pamela D. Williams, et al.,  :

    Plaintiffs,  :

  v.  :      Case No. 2:10-cv-0394

New Day Farms, LLC, et al.,  :    JUDGE GRAHAM

    Defendants.  :

ORDER

This case is before the Court to consider the motion to stay discovery filed by defendants New Day Farms, LLC and Daybreak Foods, Inc. The motion has been fully briefed. For the following reasons, the motion to stay (#17) will be denied.

I. Background

This case arises out of another action filed in this Court, New Day Farms, LLC v. Board of Trustees of York Township, Case No. 2:08-cv-1107, in which Pamela Williams and Northwest Neighborhood Alliance, the plaintiffs here, were named as defendants. The facts of that case, relevant for purposes of the current motion, include the following. In June 2007, New Day, a Minnesota limited liability company, purchased a poultry farm in York Township, Union County, Ohio. According to the allegations of the complaint in Case No. 2:08-cv-1107, Ms. Williams and NNA opposed the development of poultry farms by out of state corporations and discriminated against such poultry farms and their Hispanic employees. New Day contended that the alleged discrimination was demonstrated by the actions of Ms. Williams and NNA in motivating the Board of Trustees of York Township to enact a fire code as a pretext for impermissibly regulating New Day's operations. Ms. Williams and NNA filed a motion to dismiss relying, in part, on the *Noerr-Pennington* doctrine. This Court

granted the motion to dismiss filed by Ms. Williams and NNA and dismissed all claims against them by order dated November 17, 2009.  New Day and Daybreak have appealed to the Sixth Circuit Court of Appeals.

In the current case, Ms. Williams and NNA contend that the previous case was a "SLAPP Suit" or Strategic Litigation Against Public Participation action designed to silence their efforts as critics of New Day and Daybreak.  Ms. Williams and NNA assert claims of malicious civil prosecution, abuse of process, and claims for violations of 42 U.S.C. §1983 and 42 U.S.C. §1985.  They also assert claims for attorneys' fees pursuant to 43 U.S.C. §1988 and injunctive relief.

## II.  Legal Standard

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court.  <u>Chrysler Corp. v. Fedders Corp.</u>. 643 F.2d 1229 (6th Cir. 1981).  In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.  Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. <u>Marrese v. American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983).  When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery.  <u>Id</u>.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).  As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* §

> 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990).  See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

### III.  Analysis

New Day and Daybreak assert the following arguments in support of their motion to stay discovery.  First, they contend that significant discovery was undertaken in Case No. 2:08-cv-1107 such that a stay of discovery will not result in any prejudice to plaintiffs in this action.  On the other hand, they argue, permitting additional discovery may result in duplication

-3-

of efforts and unnecessary expense.  Additionally, they assert that the goals of judicial economy and preservation of the parties' resources will be met by a stay.  In support of this argument they note that the Court has already recognized the importance of these goals in entering a stay during the appeal of their attorneys' fees motion in Case No. 2:08-cv-1107.  Further, New Day and Daybreak assert that additional discovery is unnecessary to address the legal issues raised in their dispositive motion including the issue of *Noerr-Pennington* immunity.

To the contrary, Ms. Williams and NNA argue that the discovery undertaken in the other lawsuit is addressed to completely different issues with limited relevance to this action.  Plaintiffs contend that discovery is necessary directed to issues including the motive for suing Ms. Williams and NNA, the identification of Does 1-5 named as defendants in Case No. 2:08-cv-1107, and the financial background of New Day and Daybreak.  Further, they contend that, to the extent discovery was undertaken in the other action, it was "incomplete and deficient" and a stay may increase the risk that information will not be recovered.  Additionally, plaintiffs contend that a pending dispositive motion is not grounds for staying discovery.  Plaintiffs note that New Day and Daybreak have moved not only to dismiss but, in the alternative, for summary judgment.  This circumstance, according to plaintiffs, weighs even further against a stay of discovery.

In reply, New Day and Daybreak assert that the ability of Ms. Williams and NNA to fully respond to the motion to dismiss proves that additional discovery is not required here.  According to defendants, Ms. Williams and NNA cite to various discovery materials from the other action "no less than 40 times" in the response to the motion to dismiss.  Further, New Day and Daybreak

argue that, to the extent spoliation of evidence based on the conduct of discovery in the other case is a concern to plaintiffs, this is the first time plaintiffs have raised it. Moreover, New Day and Daybreak contend that such a concern is unfounded because preservation efforts were undertaken in Case No. 2:08-cv-1107 in accordance with the parties' agreed upon discovery plan.  Finally, New Day and Daybreak reiterate that a stay of discovery will not prejudice plaintiffs but will prevent duplicative and harassing discovery.

While, as all parties acknowledge, significant discovery was undertaken in Case No. 2:08-cv-1107, Ms. Williams and NNA have identified additional discovery they wish to pursue for purposes of their claims in this case.  In light of this, none of the arguments advanced by New Day and Daybreak persuade the Court that a stay of discovery is warranted here.  To the extent that New Day and Daybreak are concerned about potentially duplicative discovery or expense, should any issues arise, the Federal Rules of Civil Procedure provide other options for addressing such situations short of a complete stay.  However, the primary basis for the requested stay, the pendency of a potentially dispositive motion as to which the parties have presented substantial arguments on both sides, is simply not sufficient to warrant a complete stay of discovery.  The potential prejudice to plaintiffs and the delay of the case outweigh the defendants' arguments in favor of a stay.

### IV.  Disposition

Based on the foregoing, the motion to stay discovery (#17) is denied.

### V.  Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge