IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAMELA D. WILLIAMS, et al.,**      Case No.: 2:10-CV-00394
     Judge James L. Graham
     **Plaintiffs**      Mag. Judge Terrence P. Kemp

v.

**NEW DAY FARMS, LLC, et al.,**

     **Defendants**.

**ORDER**

This matter is before the court on the Motion to Bifurcate the Punitive Damages Portion of the Trial filed by Defendants New Day Farms, LLC and Daybreak Foods, Inc. (New Day). Defendants move for bifurcation pursuant to Ohio Rev. Code §2315.21(B) and Fed. R. Civ. P. 42(b).

This case is before the court based on the court's diversity jurisdiction. Plaintiffs Pamela Williams and Northwest Neighborhood Alliance (NNA) filed suit against New Day for malicious prosecution and abuse of process. By order dated March 31, 2011 (doc.47), the court partially granted defendants' motion to dismiss finding that plaintiff could not state a claim for malicious prosecution. The court denied the motion to dismiss as regarded the abuse of process claim, finding there were genuine issues of material fact that remained regarding whether defendants sought to use the legal process for the improper purpose of silencing critics of its egg farm.

Defendants now seek to bifurcate plaintiffs' punitive damages claim from the issues of liabilty and compensatory damages, asserting that bifurcation is manndated under Ohio's Tort Reform Act, Ohio Rev. Code §2315.21(B). New Day also asserts that bifurcation is warranted under Fed. R. Civ. P. 42(b) to avoid juror confusion and prejudice to the defendants. Williams

1

and NNA oppose bifurcation.

>Fed. R. Civ. P. 42(b) provides:
>
>(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

A bifurcation decision should be grounded in the facts and circumstances of the individual case. Wolkosky v. 21st Century Centennial Ins. Co., No.: 2:10-cv-439 2010 U.S. Dist. LEXIS 79643 (S.D. Ohio July 14, 2010) (citing Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996). In determining the issue of bifurcation, the court should consider the "potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." Id (quoting Wilson v. Morgan, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations omitted).

The principal purpose of the rule is to "enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988).  In order to avoid any potential for juror confusion or prejudice to the defense, the motion to bifurcate (doc. 48) is GRANTED.  The court orders that the trial be bifurcated into two stages.  The first stage of the trial will be before a jury on the issue of liability and compensatory damages.  If the jury finds in favor of the plaintiffs, then the second stage will immediately commence before the same jury on the issue of punitive damages.

IT IS SO ORDERED.

S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT COURT

Date: November 15, 2011