IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PAMELA D. WILLIAMS, et al.,** | Case No.: 2:10-CV-00394 |
| | Judge James L. Graham |
| Plaintiffs | Mag. Judge Terrence P. Kemp |
| v. | |
| **NEW DAY FARMS, LLC, et al.,** | |
| Defendants. | |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR RECONSIDERATION

On July 6, 2010 Defendants New Day Farms, LLC (New Day) and Daybreak Foods, Inc. (Daybreak) (collectively defendants) filed a motion to dismiss or in the alternative for summary judgment. Attached to the motion to dismiss were nineteen exhibits. The plaintiff's response had twenty-three exhibits. Accordingly, the court converted the motion to dismiss into one for summary judgment and granted the parties an additional twenty days in which to file supplemental evidence in support of their positions. (doc. 36). At the conclusion of briefing, the court granted in part and denied in part the motion. (doc. 47). Specifically, the court denied Daybreak's motion for summary judgment on the grounds that it was not liable as a parent corporation, finding instead that New Day and Daybreak were "one and the same." The court granted the defendants' motion for summary judgment on the plaintiffs' claims for malicious prosecution and conspiracy under 42 U.S.C. §1983 and §1985 but denied the motion as to plaintiff's claim for abuse of process.

Presently before the court is the Defendants' "Motion for Summary Judgment on Damages and Daybreak Food Inc.'s Liability and Reconsideration on Plaintiff's Claim of Abuse

1

of Process Against All Defendants." (Doc. 66).  Although couched as a new motion for summary judgment, the motion is in essence nothing more than a request to reconsider the courts earlier ruling.

A motion for reconsideration "should not be used to re-litigate issues previously considered." Am. Marietta Corp. v. Essroc Cement Corp., 59 Fed. Appx. 66, 671 (6th Cir. Feb. 19, 2003). Reconsideration is warranted only where there is: 1) a clear error of law, 2) newly discovered evidence that was not previously available to the parties, or 3) an intervening change in controlling law. GenCorp., Inc. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Defendants have not satisfied any of these requirements.

Defendants first argue that the court erred in denying summary judgment on the abuse of process claim because there is no evidence that Defendants committed any abusive act "during" the first proceeding.  Defendants have missed the crux of the court's earlier holding.  The plaintiff's abuse of process claim is based on their allegation, and presentation of evidence, that the New Day I proceeding was maintained for the ulterior purpose of stifling plaintiffs' speech.  Contrary to defendants' assertions, the court's decision was not based on conduct that occurred only prior to the institution of New Day I.  Rather, the court found that there was a material question of fact as to whether Defendants continued to pursue New Day I with the ulterior motive of silencing plaintiffs' first amendment speech.  Defendants' myriad of cases requiring that abuse of process claims be based on conduct occurring during the case only support the court's earlier decision.  They are not, as asserted, a change in controlling law.  Accordingly, defendants motion to reconsider the courts denial of the motion on the abuse of process claim is denied.

The court also denies defendants' renewed request for summary judgment on Daybreak's liability as a parent corporation.  In support of its argument that the two entities are separate, Defendants submit the affidavit of William Rehm.  In his affidavit, Mr. Rehm attempts to separate Daybreak and New Day by asserting that Daybreak is a Wisconsin corporation while New Day is an Ohio corporation, New Day is an adequately capitalized and solvent company, it hires and pays its own employees. (doc. 66-2).  The averments contradict the statement relied upon by the court in its earlier decision, wherein Mr. Rehm testified under oath that New Day and Daybreak were "one and the same."  See, Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986) ("a party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony").  Defendants completely failed to explain how the two entities were separate in the earlier motion and cannot present such evidence now in an attempt to overcome their previous failings.  The court declines to consider Mr. Rehm's affidavit and denies Defendants' request for summary judgment on this ground.

Finally, defendants seek summary judgment on the grounds that the plaintiffs cannot establish damages or the right to attorneys' fees.  The court addressed this argument in its earlier decision and found that the plaintiffs had presented sufficient evidence of damages to survive summary judgment.  In addition, the court is not persuaded by the defendants' assertion that the plaintiffs' are not the real party in interest because they received legal services pro bono or because they assigned the right to payment of any recovered fees to their counsel. A party represented by pro bono counsel may still recover attorney's fees. See e.g., AARP v. EEOC, 873 F.2d 402 (Dist. D.C. 1989) (recovery of attorney fees allowable by party represented pro bono).

Additionally, the "real party in interest" seeking attorney's fees remains the plaintiffs, regardless of any assignment of those fees to their retained counsel. See e.g., Astrue v. Ratliff, 130 S. Ct. 2521 (2011) (award of attorney's fees is made to the litigant, not the attorney, even though the attorney is generally the ultimate recipient of such an award).

For the foregoing reasons, the defendants' Motion for Summary Judgment/Motion for Reconsideration (doc. 66) is DENIED.  Plaintiff's Motion to Strike (doc. 68) is therefore MOOT.

IT IS SO ORDERED.

                                          S/ James L. Graham
                                          James L. Graham
                                          UNITED STATES DISTRICT COURT

Date: January 30, 2012